# In the United States Court of Federal Claims

No. 22-225C
(Filed: November 30, 2022)
**NOT FOR PUBLICATION**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| FAREED SEPEHRY-FARD, | \* |
| | \* |
| Plaintiff, | \* |
| | \* |
| v. | \* |
| | \* |
| THE UNITED STATES, | \* |
| | \* |
| Defendant. | \* |
| | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OPINION AND ORDER

Fareed Sepehry-Fard, proceeding *pro se*, sued the United States and several other entities — including businesses as well as named and unnamed individuals — seeking economic damages and injunctive relief. Compl. at 1, 4 (ECF 1). Mr. Sepehry-Fard's case appears to arise from disputes with banks and other private entities over possession of land that he claims is his. The United States moved to dismiss for lack of subject-matter jurisdiction and failure to state a claim. Def.'s Mot. to Dismiss (ECF 15). The motion to dismiss is **GRANTED**.

The Tucker Act limits this Court's subject-matter jurisdiction — its authority to pass judgment on the cases before it — to specific types of claims, most commonly claims for damages. *See, e.g.*, 28 U.S.C. § 1491(a)(1); *see also Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("The Court of Federal Claims is a court of limited jurisdiction."). Claims that are outside the Court's jurisdiction must be dismissed. RCFC 12(h)(3). The issues raised in Plaintiff's complaint cannot be addressed by this Court.[1]

---

[1] "In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "Although a *pro se* plaintiff's complaint is held to a less stringent standard than those prepared by counsel, *pro se* litigants are not excused from meeting jurisdictional requirements." *Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017) (citations omitted) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), and *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)).

To begin with, the only proper defendant in this Court is the United States. RCFC 10(a); *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003). This Court lacks jurisdiction over claims against any other defendant. Plaintiff's claims against entities other than the United States must be dismissed for that reason alone.

As for aspects of the Complaint that might implicate the United States, Plaintiff fails to allege any claim over which this Court might exercise jurisdiction. The Complaint contains objections to three district court orders related to a separate lawsuit involving Plaintiff. *See* Compl. at 10; 17–18. However, this Court does not have jurisdiction to review the decisions of district courts. *See, e.g.*, *Innovair Aviation Ltd. v. United States*, 632 F.3d 1336, 1344 (Fed. Cir. 2011) (explaining that the Court of Federal Claims "does not have jurisdiction to review the decision of district courts and cannot entertain … claim[s] that require[] the court to scrutinize the actions of another tribunal") (internal quotes omitted); *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (holding that the Court of Federal Claims "does not have jurisdiction to review the decisions of district courts ... relating to proceedings before those courts").

Plaintiff appears to allege that he was injured by tortious or criminal conduct including "trespass, detriment of character/name defamed, emotional, physical and mental anguish, [and] Obstruction of Justice." Compl. at 1–2. But this Court does not have jurisdiction over tort claims. 28 U.S.C. § 1491(a)(1); *Shearin v. United States*, 992 F.2d 1195, 1197 (Fed. Cir. 1993). This Court likewise lacks jurisdiction over claims of criminal conduct. *Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011).

Plaintiff next accuses the government of "aiding and abetting false search and seizure, [violating his] civil rights, [violating] Due Process," and violating the First, Fourth, and Fifth Amendments of the Constitution. Compl. at 1–2. Claims in this Court generally must be based on a "money-mandating" law, *i.e.*, a law that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained[.]" *Jan's Helicopter Serv., Inc. v. F.A.A.*, 525 F.3d 1299, 1307 (Fed. Cir. 2008) (quoting *United States v. Mitchell*, 463 U.S. 206, 217 (1983)). Most constitutional provisions mentioned in the complaint fail that test. Binding or persuasive precedent, in fact, forecloses interpreting them as money-mandating. *United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983) (First Amendment); *Brown*, 105 F.3d at 623 (Fourth Amendment); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (Due Process Clause); *McCullough v. United States*, 76 Fed. Cl. 1, 4 (2006) (same).

Claims under the Fifth Amendment for compensation for takings of property may be adjudicated in this Court. But such claims require government action, and Plaintiff must plead facts that — if taken as true — would plausibly "establish that [a] government action caused the injury." *Lopez v. United States*, No. 22-330C, 2022 WL 3594386, at *1 (Fed. Cl. Aug. 23, 2022) (quoting *St. Bernard Par. Gov't v. United States*, 887 F.3d 1354, 1362 (Fed. Cir. 2018)); *Adams v. United States*, 391 F.3d 1212, 1218 (Fed. Cir. 2004); *see generally DaimlerChrysler Corp. v. United States*, 442 F.3d 1313, 1318 (Fed. Cir. 2006) ("[I]t is settled that a party invoking federal court jurisdiction must, in the initial pleading, allege sufficient facts to establish the court's jurisdiction.") (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)). Plaintiff pleads no such facts.

Plaintiff also alleges violations of the California state constitution. Compl. at 3. This Court has no jurisdiction over claims based on state law. *See Cabral v. United States,* 317 F. App'x 979, 982 (Fed. Cir. 2008) (citing *Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1307 (Fed. Cir. 2007)).

The Complaint also claims that the 1848 Treaty of Guadalupe Hidalgo provides him with ownership over the land he claims is his. Compl. at 2–3. However, this Court does not have jurisdiction for claims under the Treaty because "Congress established a separate administrative scheme for claims brought under the Treaty, and … such claims were required to be brought over 160 years ago." *Daniels v. United States*, No. 17-1598C, 2018 WL 1664476, at *8 (Fed. Cl. Apr. 6, 2018). The Plaintiff also asserts a violation of an alleged land patent, Compl. at 8, but this Court has held that holding a land patent does not create rights against the United States and is not sufficient to establish jurisdiction. *See Langan v. United States*, No. 18-1603C, 2019 WL 3857044, at *3 (Fed. Cl. Aug. 16, 2019); *Daniels*, 2018 WL 1664476, at *8; *see also Ioane v. United States*, 4 F. App'x 762, 763 (Fed. Cir. 2001).

The Complaint accuses the United States of violating a slew of statutes, including 15 U.S.C. § 1122, 18 U.S.C. §§ 2, 3, 4, 246, 651, 1512, & 1346, 28 U.S.C. § 1343, 33 U.S.C. §1365, and 42 U.S.C. § 1990. Compl. at 1–2. However, none of the alleged statutory violations establish a claim over which this Court might have jurisdiction. First, 15 U.S.C. § 1122 waives the United States' sovereign immunity for lawsuits under 15 U.S.C., Chapter 22, which relates to trademarks. *Davis v. United States*, 123 Fed. Cl. 235, 242 (2015). Plaintiff pleads no facts in the Complaint suggesting a trademark violation. Second, Title 18 of the U.S.C. contains the Federal Criminal Code. As discussed, this Court lacks jurisdiction over claims of criminal conduct. *Jones*, 440 F. App'x at 918. Third, both 28 U.S.C. § 1343 and 33 U.S.C. § 1365 provide exclusive jurisdiction over the relevant claims to the district courts rather than this Court. *Sepehry-Fard v. United States*, No. 2019-2018, 2020 WL 7213477, at

*1 (Fed. Cir. Sept. 22, 2020); *Sepehry-Fard v. United States*, No. 19-560C, 2019 WL 2070746, at *2 (Fed. Cl. May 9, 2019). Finally, 42 U.S.C. § 1990 is not money-mandating; it allows the Court to fine a marshal for disobeying a magistrate judge's warrant. *Sepehry-Fard*, 2019 WL 2070746, at *2.

Plaintiff claims that federal employees' oaths of office form a contract between the United States and himself. Compl. at 2. As such, his theory goes, violations of the Constitution amount to a breach of contract between the United States and himself. *See id*. But the Constitution cannot be considered a contract between Plaintiff and the United States. *See Sepehry-Fard v. United States*, No. 18-1118C, 2019 WL 4137497, at *4 n.6 (Fed. Cl. Aug. 30, 2019); *Taylor v. United States,* 113 Fed. Cl. 171, 173 (2013). A plaintiff advancing a breach-of-contract claim must satisfy the pleading requirements of RCFC 9(k) to invoke this Court's jurisdiction. *See Rohland v. United States*, 136 Fed. Cl. 55, 67 (2018); *Baha v. United States*, 123 Fed. Cl. 1, 5 n.4 (2015); *Gonzalez–McCaulley Inv. Grp., Inc. v. United States,* 93 Fed. Cl. 710, 715 (2010). Under RCFC 9(k), the plaintiff "must identify the substantive provisions of the contract … on which the party relies." Nothing in the Complaint besides the claim that violations of the Constitution amount to a breach of contract suggests a contract with the United States. Nor does Plaintiff allege that anyone with "actual authority to bind the government in contract" entered an implied contract with him. *See City of El Centro v. United States*, 922 F.2d 816, 820 (Fed. Cir. 1990) (quoting *Juda v. United States*, 6 Cl. Ct. 441, 452 (1984)).

Plaintiff further alleges that the United States "fail[ed] to conduct its official duties and in the process economically damaged Plaintiff." Compl. at 10. Although the Administrative Procedure Act ("APA") authorizes suits "to compel agency action unlawfully withheld," 5 U.S.C. § 706(1), the APA does not authorize awards for money damages, 5 U.S.C. §§ 702, 703. Because it is not a money-mandating statute, this Court does not have jurisdiction over APA claims. *See Braun v. United States*, 144 Fed. Cl. 560, 572 (2019); *Albino v. United States*, 104 Fed. Cl. 801, 815 (2012) (citing *Martinez v. United States*, 333 F.3d 1295, 1314 (Fed. Cir. 2003)).

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED** and the case is **DISMISSED**, without prejudice, for lack of jurisdiction. *See Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572 (Fed. Cir. 1996) ("[I]n the absence of subject matter jurisdiction there can be no preclusive findings or conclusions on the merits, and dismissal for lack of jurisdiction is without prejudice."). Plaintiff's motions for leave to augment the record (ECF 13), to strike Defendant's motion to dismiss (ECF 16), and for leave to stay response to Defendant's motion to dismiss (ECF 17) are **DENIED AS MOOT**.

- 5 -

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

                                                                  s/ Stephen S. Schwartz
                                                                  STEPHEN S. SCHWARTZ
                                                                  Judge